IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANNY RAY BURKEY,

    Plaintiff,

vs.                          5:99cv60/SPM/SMN

LAVANDER E. BARKLEY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause filed pro se pursuant to 42 U.S.C. § 1983 was transferred to this Division from the Tallahassee Division (doc. 11).[1] The matter is presently before the court upon defendants' motion (doc. 16) to dismiss plaintiff's amended complaint (doc. 7) pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a) (1996), for failure to exhaust administrative remedies. Plaintiff has filed a reply to the motion (doc. 18).

## BACKGROUND

Plaintiff is an inmate who was housed at Apalachee Correctional Institution ("ACI") at the time the events giving rise to his amended complaint occurred. Plaintiff

---

[1] This case was initially filed on October 30, 1998 (doc. 1). Magistrate Judge William Sherrill ordered transfer of the case after finding that service of the amended complaint (doc. 7) was appropriate and directing plaintiff to submit service copies (doc. 9). Magistrate Judge Sherrill also granted plaintiff leave to proceed in forma pauperis.



names as defendants three ACI correctional officers: Lavander E. Barkley, T. L. Wilson, and Capt. Williams. Plaintiff alleges that he advised defendant Williams in July or August of 1995 that defendant Barkley was harassing him and that plaintiff "had attempted to take his own life once before in order to get away from [him]" but defendant Williams took no action (doc. 7 at 7-8). On September 8, 1995, defendant Barkley directed plaintiff to move some mattresses. In the course of this activity defendant Barkley became upset with plaintiff, handcuffed him, forced him to kneel, and slapped him once in the face with his open palm. The same day plaintiff reported the incident to defendant Wilson, who told plaintiff he did not "believe the allegations and thus did nothing to investigate or protect the plaintiff from further abuse" (id. at 7B). Eventually plaintiff was referred to another officer for an interview. During this interview, plaintiff completed an Inmate Request Form, DC3-005[2] outlining his allegations (see att. to doc. 1, labeled "Exh. A-1"). Subsequently, when defendant Barkley was interviewed as part of the Inspector General's investigation brought as a result of plaintiff's allegations, he admitted that the allegations were true. The Inspector General's report indicates that the matter was referred to the Office of the State Attorney, who later advised that a nolle prosequi against defendant Barkley on the charge of malicious battery had been filed (see id., letter of March 19, 1996). Alleging violations of the Eighth and Fourteenth Amendments, plaintiff seeks damages in excess of $100,000.00 and other relief.

Defendants argue that plaintiff's claims should be dismissed for his failure to exhaust administrative remedies prior to bringing this action and cite Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998), in support. According to defendants, plaintiff's contention in his amended complaint that the grievance procedure was inadequate was rejected in Alexander. Plaintiff responds (doc. 18) that (1) the investigation report which substantiated the allegations made in his Form DC3-005 constitutes adequate exhaustion of remedies; (2) the record in this case is fully

---

[2] Form DC3-005 is identified in the Florida Administrative Code as a Request for Interview and is used for submitting informal grievances. FLA. ADMIN. CODE R. 33-29.005 (as amended April 10, 1995).

developed and requires no further administrative review through the grievance process; (3) <u>Alexander</u> is not applicable since it involves Georgia law; (4) he filed a Notice of Intent pursuant to FLA. STAT. § 768.28; and (5) defendants waived the issue of exhaustion by not asserting it earlier.

**DISCUSSION**

Section 1997e(a), as amended, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).[3]

Defendants are correct that in <u>Alexander</u> the Eleventh Circuit Court of Appeals rejected the argument that exhaustion is unnecessary when administrative remedies are futile or inadequate. <u>See</u> also <u>Harris v. Garner</u>, ___ F.3d ___, 1999 WL 777308, * 5 (11th Cir. 1999); <u>see</u> also <u>Zolicoffer v. Scott</u>, 55 F.Supp.2d 1372, 1375 (N.D.Ga. 1999). Thus plaintiff may not successfully maintain that he is not required to exhaust administrative remedies because the relief sought is not available through the grievance system.

The court concludes that plaintiff is correct, however, in asserting that filing Form DC3-005 and obtaining a favorable report from the Inspector General's investigation shows exhaustion of administrative remedies, and that the record in this case requires no further development.[4] As plaintiff contends, it does not appear that the policies favoring exhaustion adopted by the Eleventh Circuit would be served by

---

[3] Section 1997e applies to actions filed after the PLRA's enactment on April 26, 1996, even though the conduct giving rise to the action may have occurred prior to the statute's enactment. <u>White v. McGinnis</u>, 131 F.3d 593, 595 (6th Cir. 1997); <u>Garrett v. Hawk</u>, 127 F.3d 1263, 1266 (10th Cir. 1997); <u>see also Alexander</u>, 159 F.3d at 1324 (PLRA's exhaustion requirement applies to any case filed after April 26, 1996). Furthermore, although the statute states that "no action shall be brought with respect to prison conditions," claims of excessive force are considered to involve prison conditions and therefore must be exhausted. <u>Wendell v. Asher</u>, 162 F.3d 887 (5th Cir.1998); <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir.), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998); <u>Garrett v. Hawk</u>, <u>supra</u>. In light of the foregoing, section 1997e is applicable to the instant case.

[4] Plaintiff's other arguments merit no discussion.

3

requiring the formality of filing a Form DC1-303 at the two remaining levels of administrative review. See FLA. ADMIN. CODE R. 33-29.006 and R. 33-20.007 (as amended April 10, 1995).

The policies favoring exhaustion include 1) avoiding premature interruption of the administrative process; 2) letting the agency develop the factual background upon which decisions should be based; 3) permitting the agency to exercise its discretion; 4) improving the efficiency of the administrative process; 5) conserving judicial resources because the complainant may be successful in the administrative process and the court's involvement may not ever be required; 6) giving the agency an opportunity to discover and correct its errors; and 7) avoiding the possibility that the agency's effectiveness could be weakened by encouraging complainants to ignore its procedures.   Alexander v. Hawk, 159 F.3d at 1327 (citing Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705, 712) (11th Cir. 1994). It is evident from the Inspector General's report, whose authenticity and completeness defendants have not challenged (indeed, defendants do not even mention the report in their motion), that the administrative process of investigating and verifying plaintiff's allegations has been concluded.  Other documents attached to plaintiff's complaint indicate that he and a representative from the Florida Department of Insurance tried but failed to negotiate a monetary settlement (doc. 1, letters of September 17, 1998; September 24, 1998, and October 13, 1998). It appears that the Department of Corrections has had ample opportunity to "discover and correct its errors." Finally, plaintiff did not ignore the Department's grievance procedure; rather, he was successful in obtaining a favorable investigation report by filing a Form DC3-005. Requiring plaintiff to submit a formal grievance to the institution and an appeal to the Secretary makes no sense in light of the favorable result he has already obtained.  The court can perceive no further benefit or purpose in requiring plaintiff to seek additional review, and defendants have suggested none.

Furthermore, it appears that the Department's own stated policy regarding the purpose of the grievance procedure has been satisfied. FLA. ADMIN. CODE R. 33-20.001 (as amended April 10, 1995), General Policy, states that the grievance

4

procedure is intended to provide "an inmate with a channel for the administrative settlement of a grievance . . . provid[e] additional means for internal resolution of problems . . . [and] provide a written record in the event of subsequent judicial or administrative review." Additionally, the court notes that FLA. ADMIN. CODE R. 33-29.007(4) (as amended April 10, 1995) states that the Bureau of Inmate Grievance Appeals is designated to "receive, review, investigate, evaluate, and respond to appeals." FLA. ADMIN. CODE R. 33-29.002 (as amended April 10, 1995) states that the Bureau is located in the Office of the Inspector General. Thus it appears that, whether plaintiff had filed a Form DC1-303 at the institutional level and a second one at the appeals level to the Secretary's Office, the ultimate result would have been the same as was otherwise achieved: an investigation conducted by the Office of the Inspector General. In this case, because the investigation supported plaintiff's claims, any remedy available at the formal grievance and appeal levels would not be futile or inadequate but rather has been rendered unnecessary.

In light of the foregoing, the court concludes that, within the meaning of section 1997e(a), plaintiff satisfactorily exhausted his administrative remedies prior to bringing this suit. Defendants' motion to dismiss should therefore be denied.

Accordingly, it is respectfully RECOMMENDED:

1.   That defendants' motion to dismiss plaintiff's amended complaint for failure to exhaust administrative remedies (doc. 16) be DENIED.

2.   That this matter be referred to the undersigned for further proceedings.

At Pensacola, Florida, this ___4th___ day of November, 1999.

SUSAN M. NOVOTNY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).